(No. 4789- ▮▮▮▮▮▮▮▮

MATERIAL SERVICE CORPORATION, AN ILLINOIS CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed July 24, 1958.*

SCHRADZKE, GOULD AND RATNER, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; LESTER SLOTT, Assistant Attorney General, for Respondent.

FEARER, J.

Claimant, Material Service Corporation, An Illinois Corporation, filed its complaint in this Court against respondent on August 7, 1957. No answer was filed by respondent, and it is, therefore, being considered that a general traverse of the allegations set forth in the complaint is made by respondent under the rules of this Court.

In addition to the complaint, the record also consists of the Commissioner's Report, stipulation, transcript of evidence, claimant's exhibits Nos. A-2, 3 and 4, B-2, C-2 and D-2, respondent's exhibits Nos. 1, 2 and 3, motion of claimant for leave to waive the filing of briefs, together with attached proof of service of a copy of the motion on the Attorney General, order of the Chief Justice granting the motion of claimant for leave to waive the filing of briefs, motion of respondent for leave to waive the filing of brief, proof of service of a copy of the motion of respondent on counsel for claimant, Departmental Report, and order of the Chief Justice granting the motion of respondent for leave to waive the filing of brief.

The matter was referred to Commissioner Herbert G. Immenhausen for hearing on October 25, 1957.

The stipulation filed herein is as follows:

"That claimant is a corporation existing and organized to do business under and by virtue of the laws of the State of Illinois.

That the claim of claimant is based upon contracts for work and materials furnished by claimant to the Division of Highways of the Department of Public Works and Buildings of the State of Illinois, true copies of which contracts and the bills for work and materials furnished thereunder are attached to the complaint filed in this matter, and are marked exhibits Nos. A-1, A-2, A-3, A-4, B-1, B-2, C-1, C-2, D-1 and D-2; and that the total amount due for work and materials furnished thereunder is $1,318.61.

That claimant's exhibits Nos. A-1, A-2, A-3, A-4, B-1, B-2, C-1, C-2, D-1 and D-2 are true and correct copies of the documents they purport to be, and that they should be accepted as and admitted into evidence in this matter without further proof.

That pursuant to the provisions of the above indicated contracts claimant was employed by respondent by and through the Division of Highways of the Department of Public Works and Buildings of the State of Illinois. Thereafter, on or about October 16, 1953, claimant commenced the performance of the delivery of the materials called for in said contracts, and completed said work on or about April 21, 1955.

That said work, labor and materials have been furnished, and all of claimant's obligations under the terms of said contract have been fulfilled and completed, and accepted by respondent.

That claimant presented its claim to the Department of Public Works and Buildings of the State of Illinois, Division of Highways, after said project was completed. That thereafter, by letter dated September 25, 1956 (a copy of which letter is attached to the complaint herein, and marked as exhibit E), C. C. Waidelich, District Engineer of respondent, wrote to Mr. H. E. Diers, Engineer of Maintenance for respondent, stating that the invoices referred to above in paragraph 2 (exhibits Nos. A-2, A-3, A-4, B-2 and D-2) reflected legitimate charges against respondent covering material purchased by respondent under an appropriation for the 68th biennium, and delivered in full by claimant, and that such invoices had not been paid.

That claimant's exhibit E is a true and correct copy of the document it purports to be, and that it should be accepted as and admitted into evidence in this matter without further proof.

That thereafter, by letter dated October 1, 1956 (a copy of which letter is attached to the complaint herein, and marked exhibit F), V. L. Glover, Engineer of Administrative Service, Division of Highways, Department of Public Works and Buildings, State of Illinois, wrote to claimant, and advised claimant that: 'The materials represented by the invoices in question were received and used by the Division of Highways', but that: 'These accounts cannot be scheduled and vouchered for payment at this time, because the biennial appropriations from which they were payable have lapsed. Under these circumstances, the only agency authorized to consider your invoices for payment is the Court of Claims.'

That claimant's exhibit F is a true and correct copy of the document it purports to be, and that it should be accepted as and admitted into evidence in this matter without further proof.

That thereafter, by letter dated May 10, 1957 (a copy of which letter is attached to the complaint, and marked exhibit G), Robert L. Rietzler, Assistant Chief Accountant in the office of the Auditor of Public Accounts, State of Illinois, advised the attorney for claimant that the funds from which the invoices in question were to have been paid were provided by House Bill No. 718, 68th General Assembly; that the appropriation lapsed on September 30, 1955; that the lapsed amount in the commodities appropriation was $30,791.57, and the lapsed amount in the contingencies appropriation was $1,734,000.00.

That claimant's exhibit G is a true and correct copy of the document it purports to be, and that it should be accepted as and admitted into evidence in this matter without further proof.

That the copies of invoices attached to the complaint herein as exhibits Nos. A-2, A-3 and A-4 have been corrected to charge a price of $6.90 per ton in accordance with the contract, and as pointed out by Mr. V. L. Glover in his letter to claimant dated October 1, 1956, and attached to said complaint as exhibit F; and, that these invoices, as corrected, are true and accurate charges; and, that all the invoices attached to the complaint, and to which reference is made in paragraph 2 above (invoices attached as exhibits Nos. A-2, A-3, A-4, B-2, C-2 and D-2), are correct and true in setting out the materials shipped by claimant and the charges therefor.

That claimant, Material Service Corporation, An Illinois Corporation, is the owner of all of the claim herein set forth; that no assignment or transfer of said claim or any part thereof has been made; that no other person, firm or corporation has an interest therein; that claimant is justly entitled to the amount herein claimed from the State of Illinois, after allowing all just credits; that no part of the amount due to claimant under said contract has been paid, but, to the contrary, there is yet due and owing to claimant from respondent the sum of $1,318.61.

That by reason of the lapse of the appropriation for the 68th Biennium, this amount due to claimant was unpaid, and, as stated in paragraph above, there were sufficient sums remaining in the lapsed appropriations to pay the amount due in full."

The Commissioner reported that he examined the stipulation, and found it to be true and correct; and, also, after having examined the correspondence and the Departmental Report, found that *"The materials represented by invoices in question were received and used by the Division of Highways"*, but that *"their accounts cannot be scheduled and vouchered for payment, because the biennial appropriations from which they were payable have lapsed"*.

This Court has had occasion to pass upon several matters of a similar nature. In these previous cases, we have held that an award would be entered where there were sufficient unexpended funds available in the appropriation to pay the claim had it been received in apt time. Funds were available in the present case at the time the services were performed. The materials were furnished, and the work satisfactorily performed and accepted by respondent. The only reason it was necessary for claimant to file the claim under consideration was due to the fact that the appropriations from which it could have been paid had lapsed.

In accordance with the recommendation of the Commissioner, who heard this case, an award is hereby made by this Court to claimant, Material Service Corporation, An Illinois Corporation, in a total amount of $1,318.61.